# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RONNIE JAMES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:07-01652-MBS-BM |
| ) | |
| v. ) | |
| ) | |
| Sumter County co William Noonan, ) | |
| Lee County co Jimmy Lacoste, ) | **REPORT AND RECOMMENDATION** |
| Simon Major Director SLRDC, ) | |
| Dr Bush Medical Director, ) | |
| Southern Health Partners co Phil ) | |
| Mack, Jackie Richards, Nurse ) | |
| SLRDC, Phil Mack, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Plaintiff has filed this action, pro se, seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Sumter/Lee Regional Detention Center, alleges violations of his constitutional rights by the named Defendants.

Some of the named Defendants filed a motion for summary judgment on December 1, 2007, pursuant to Rule 56, Fed.R.Civ.P.. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 4, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff has never responded to this motion. Additional Defendants thereafter filed a motion for summary judgment on February 4, 2008, following which a second Roseboro order was



1

entered by the Court on February 5, 2008. Plaintiff has never responded to this motion. Finally, the remaining Defendants filed a motion for summary judgment on February 15, 2008, and a third Roseboro order was entered on February 19, 2008. Plaintiff has never responded to this motion.

In light of Plaintiff's pro se status, the court filed yet another order on March 27, 2008, giving the Plaintiff an additional ten (10) days in which to file a response to the Defendants' motions for summary judgment. Plaintiff was specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. However, the only filing Plaintiff submitted within that ten (10) day period was a motion for an extension of time in which to respond. Again, in consideration of his pro se status, Plaintiff was granted additional time to respond in an order dated April 3, 2008. That order further stated as follows:

> ORDER granting in part and denying in part #63 Motion for Extension of Time - Plaintiff shall have ten (10) additional days to file any response he wishes to file to the pending motions for summary judgment. The oldest summary judgment motion has now been pending for over four (4) months, and Plaintiff has not responded to that motion, nor to any of the other summary judgment motions filed since that time. Therefore, no further extensions will be granted. If Plaintiff fails to respond, this case will be recommended for dismissal under Rule 41(b) Fed.R.Civ.P.

See Text Order entered April 3, 2008.

Notwithstanding this specific notice and warning, Plaintiff has still failed to file any response to any of the pending summary judgment motions[1]. Plaintiff has therefore failed to proceed with this case or to prosecute this matter in any way.

---

[1] The Court received a letter from Plaintiff on April 7, 2008 addressing his request for extension of time, which was prepared prior to Plaintiff's receipt of the Court's order of April 3, 2008. The only other filing received from the Plaintiff since that time was a one page letter dated April 14, 2008 (received April 17, 2008), noting simply that he had received the Court's latest order.



2

Accordingly, it is recommended that the Defendants' motions for summary judgment be **granted**, and that this action be **dismissed** with prejudice. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 24, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

