IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ronnie James, #271949      ) | |
| ) | C/A No. 0:07-1652-MBS-BM |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | |
| ) | **O R D E R** |
| Sumter County c/o William Noonan;      ) | |
| Lee County c/o Jimmy Lacoste;      ) | |
| Simon Major, Director SLRDC; Dr. Bush,      ) | |
| Medical Director; Southern Health Partners      ) | |
| c/o Phil Mack; Jackie Richards,      ) | |
| Nurse SLRDC; and Phil Mack,      ) | |
| ) | |
| Defendants.      ) | |
| _____) | |

Plaintiff Ronnie James is an inmate who was housed at the Sumter Lee Regional Detention Center ("SLRDC") in Sumter, South Carolina at the time he filed this action. Plaintiff is currently housed at the Broad River Correctional Institution in Columbia, South Carolina. Plaintiff signed a complaint with twelve other detainees housed at the SLRDC that was filed on June 14, 2007. On that same day, by order of this court, the original action was separated into thirteen separate civil actions. On July 10, 2007, Plaintiff, appearing *pro se*, filed an amended complaint alleging that he was denied the appropriate amount of medication from medical staff at SLRDC. Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

This matter is before the court on Defendants' respective motions for summary judgment. On December 1, 2007, Defendants Dr. Bush, Southern Health Partners, and Jackie Richards filed a motion for summary judgment. On December 4, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. On February 4, 2008, Defendants Sumter

County and Simon Major filed a motion for summary judgment. On February 5, 2008, a second order was issued pursuant to Roseboro v. Garrison, advising Plaintiff again of the dismissal procedures and the possible consequences if he failed to respond adequately. On February 15, 2008, Defendant Lee County filed a motion for summary judgment. On February 19, 2008, a third order was issued pursuant to Roseboro v. Garrison, advising Plaintiff again of the dismissal procedures and the possible consequences if he failed to respond adequately.

On March 27, 2008, Plaintiff was given ten (10) days to advise the court as to whether he wished to continue with the case and to file a response to the three respective motions for summary judgment filed by Defendants. Plaintiff was also advised that failure to respond to Defendants' motions for summary judgment would result in a recommendation that this action be dismissed with prejudice for failure to prosecute. On April 1, 2008, Plaintiff filed a motion for extension of time. On April 3, 2008, Plaintiff's motion was granted in part and denied in part. Plaintiff was given ten (10) additional days to file a response to Defendants' three respective motions for summary judgment. The Magistrate Judge also advised Plaintiff again, that should he fail to respond, the case would be recommended for dismissal pursuant to Fed. R. Civ. P. 41(b).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On April 24, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motions for summary judgment be granted and this action be dismissed with prejudice based on Plaintiff's failure to prosecute this matter. On May 6, 2008, Plaintiff filed objections to the Report and Recommendation. ("Plaintiff's Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff makes one specific objection to the Report and Recommendation. Plaintiff asserts that the Report and Recommendation is incorrect in stating that Plaintiff had not "filed a motion for judgement in (4) months." (Plaintiff's Objections at 1 (errors in original).) Plaintiff contends that before filing his motion for an extension of time, he "filed a pro se motion, which was duely notified & mailed from Broad River C.I. Columbia, SC." (Plaintiff's Objections at 1 (errors in original).) In the Report and Recommendation, the Magistrate Judge quotes the April 3, 2008 order, which granted in part and denied in part Plaintiff's motion for an extension of time. Specifically, the April 3, 2008 order states, "[t]he oldest summary judgment motion has now been pending for over four (4) months, and Plaintiff has not responded to that motion, nor to any of the other summary judgment motions filed since that time." (April 3, 2008 Order (Entry 64).) A review of the docket reveals that Plaintiff filed a motion to appoint counsel on December 21, 2007. Plaintiff has not filed any response to Defendants' motions for summary judgment and has not filed any dispositive motion on his own behalf. As such, Plaintiff's objection is without merit.

3

After thorough review of the Magistrate Judge's Report and Recommendation, the Plaintiff's Objections, the record in its entirety and the applicable law, the court concurs with the Magistrate Judge's findings. The court notes that over seven (7) months have passed since the first motion for summary judgment was filed. Three orders pursuant to Roseboro v. Garrison have been issued and served on Plaintiff. Additionally, the Magistrate Judge issued two separate orders granting Plaintiff ten (10) additional days, in each order, to respond to Defendants' motions for summary judgment and advising Plaintiff that should he fail to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Nevertheless, Plaintiff has not filed any response to any of Defendants' motions for summary judgment. Accordingly, this action is dismissed with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70-71 (4th Cir. 1978).

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 17, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**